**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 21-4128
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BRADLEY CHARLES ROBERSON, a/k/a Fly Guy,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Terrence W. Boyle, District Judge. (4:19-cr-00024-BO-1)

_____

Submitted: January 5, 2023                        Decided: February 17, 2023

_____

Before THACKER, Circuit Judge, and MOTZ and KEENAN, Senior Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Geoffrey W. Hosford, HOSFORD & HOSFORD, PC, Wilmington, North Carolina; Matthew N. Leerberg, Raleigh, North Carolina, Brian Bernhardt, FOX ROTHSCHILD LLP, Charlotte, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEYS, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bradley Charles Roberson appeals from his 66-month sentence, imposed on remand for resentencing. On appeal, he challenges the adequacy of the district court's explanation of his sentence and the district court's failure to orally impose the discretionary conditions of supervised release. We affirm.

I.

On August 8, 2019, Roberson pleaded guilty without a written plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. The United States Probation Office prepared a presentence investigation report (PSR), calculating an offense level of 25 and a criminal history category of III, with a resulting United States Sentencing Guidelines (Guidelines) imprisonment range of 70 to 87 months. Roberson did not object to the calculation.

At Roberson's sentencing hearing, defense counsel stated that Roberson served two years in the Army after graduating from high school. Defense counsel explained that, after Roberson returned home from the Army, he "got into this drug business [and] made some bad choices." Defense counsel noted that Roberson's stepfather owned an auto body shop and would have a job waiting for Roberson when he was released from prison. Counsel asked the court to vary downward from the Guidelines range because of Roberson's service to his country and the fact that he would have a job waiting for him when he returned home from prison.

The court then asked Roberson about a traffic stop from earlier that year in which five pounds of marijuana was found in Roberson's car. Roberson explained that he did not

2

know about the marijuana and that it was his cousin's.  The Government noted that the charges were dismissed in light of the instant charges, for which Roberson would face "serious time."

After this exchange, the court, without further explanation, imposed an 84-month term of imprisonment, a three-year term of supervised release, and credit for time served while awaiting his sentence.  The court did not orally explain or discuss the conditions of supervision, but the written judgment included mandatory, standard, and additional standard conditions of supervised release.  Roberson timely appealed.

On appeal, we determined that the district court procedurally erred by failing to adequately consider Roberson's arguments for a variant sentence.  *United States v. Roberson*, 827 Fed. App'x 302, 303 (4th Cir. 2020) (No. 19-4939).  We noted that the district court did not "in any way" address Roberson's request for a variance based on his military service and the fact that he had a job secured upon his release.  *Id.* at 304.  Moreover, although the court engaged in a colloquy about potential additional criminal conduct by Roberson, the court did not "provide any reasoning whatsoever for choosing the sentence it did."  *Id.*  Accordingly, we vacated Roberson's sentence and remanded for resentencing.  *Id.* at 305.

At resentencing, neither the court nor the parties revisited the calculation of the Guidelines range.  Roberson's counsel again highlighted Roberson's military service and that Roberson had employment waiting for him upon his release.  Further, he noted that, due to COVID-19, Roberson was in isolation for nearly a year and programming at his prison was suspended.  Defense counsel requested a variant sentence of 60 months.

3

The Government noted that Roberson received a "general" rather than "honorable" discharge from the Army. The Government argued that such a discharge "suggest[ed] some sort of disciplinary action," although the Government "couldn't attest to that." Finally, the Government stated that federal prisons were "rolling out vaccine[s] pretty quickly." The Government did not advocate for a particular sentence.

The district court noted that the Guidelines range of 70 to 87 months was "legitimate and appropriate." The court found the request for 60 months "to be too modest given [Roberson's] criminal history." Nonetheless, the court imposed a downward variance of 66 months' imprisonment with "three years of supervised release," and stated that "the other conditions remain as previously imposed." The written judgment noted that the below-Guidelines sentence was imposed based upon Roberson's military service, "[p]ending employment upon release," and COVID-related issues. The written judgment included mandatory, standard, and additional standard conditions of supervised release. Roberson timely appealed.

## II.

When rendering a sentence, the district court must make and place on the record an individualized assessment based on the particular facts of the case. *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009). While the sentencing court must state the specific reasons that support the sentence, the explanation "need not be exhaustive." *United States v. Avila*, 770 F.3d 1100, 1107 (4th Cir. 2014). The court's explanation must be sufficient "to satisfy the appellate court that [the court] has considered the parties'

4

arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

"Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." *United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015) (internal quotation marks omitted). Although "[i]t is sometimes possible to discern a sentencing court's rationale when an explanation is lacking," *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (alteration and internal quotation marks omitted), "an appellate court may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence[,]" *Carter*, 564 F.3d at 329-30. An insufficient explanation of the sentence imposed constitutes significant procedural error by the district court. *United States v. Lynn*, 592 F.3d 572, 581 (4th Cir. 2010).

When, as here, the defendant has properly preserved the issue whether the explanation was adequate by arguing for a sentence different from that which was imposed, we review the issue for abuse of discretion. *Id.* at 578. If we find such abuse, we must reverse unless we conclude that the error was harmless. *Id.* at 576. The Government bears the burden of showing "that the error did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (alterations and internal quotation marks omitted).

5

Here, despite this court's ruling that the district court failed to provide an explanation for its chosen sentence, the district court again failed to provide an explanation on remand. The court noted that Roberson's "criminal history" prevented the requested 60-month sentence, but the court did not provide any analysis as to why a downward variance was appropriate. Neither the parties nor the court discussed Roberson's criminal history at the resentencing hearing in any way, and as discussed above, at the first sentencing, the court focused on conduct which Roberson denied and for which he was not convicted. Moreover, aside from the COVID-19 argument, Roberson's mitigating arguments at his second sentencing were the same as his arguments at his first sentencing. Yet, without discussing COVID-19 or Roberson's other arguments, the court imposed a sentence 18 months shorter than the one imposed at Roberson's first sentencing and below the Guidelines range.

The Government argues that, because Roberson's variance request was granted in part, the court adequately considered Roberson's arguments. However, when a variance is granted, the court must still explain the extent of its variance and why the lower sentence sought did not satisfy the § 3553 factors.

Next, the Government avers that any error was harmless because Roberson's sentence was unlikely to change on remand. Upon our review, we find this argument persuasive and conclude that Roberson was not prejudiced by the district court's error. In fact, the district court's brief consideration of the § 3553 factors resulted in a favorable downward variance, despite the fact that Roberson's arguments for a variance were not particularly convincing, and those he presented at his first sentencing hearing had not

resulted in a downward variance.  Accordingly, given the reduction in sentence Roberson received at his second sentencing, the relative weakness of his arguments for a variant sentence, and the district court's brief statement regarding Roberson's criminal history, we find that the district court's inadequate explanation for the chosen sentence was harmless error.

III.

Finally, the district court did not announce the discretionary conditions of supervised release at either sentencing hearing.  We have held that "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing," including both special conditions and discretionary "standard" conditions.  *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020); *see also United States v. Singletary*, 984 F.3d 341, 347 (4th Cir. 2021) (discussing supervised release nomenclature).  We have explained that "a district court may satisfy its obligation to orally pronounce discretionary conditions through incorporation—by incorporating, for instance, all Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written judgment."  *Rogers*, 961 F.3d at 299; *see also* U.S. Sentencing Guidelines Manual § 5D1.3(c), p.s. (listing standard conditions).

Here, both the written judgment from Roberson's first sentencing and the amended written judgment from his second sentencing imposed the "mandatory" conditions listed in 18 U.S.C. § 3583(d), the "standard" conditions listed in USSG § 5D1.3(c), p.s., and "additional standard conditions," which are contained in USSG § 5D1.3(d), p.s. ("special"

7

conditions).    The district court did not orally impose any of these conditions at either sentencing.

In his first appeal,  Roberson did not challenge his conditions of supervised release. And at Roberson's second sentencing hearing, the district court informed Roberson that "the other conditions remain[ed] as previously imposed."  We conclude that this statement, though brief, incorporated by reference the conditions imposed at Roberson's first sentencing hearing.  *See United States v. Singletary*, 984 F.3d 341, 346 (4th Cir. 2021) ("[A] district court may incorporate by reference a condition or set of conditions during a [sentencing] hearing."); *Rogers*, 961 F.3d at 299 (finding that such incorporation satisfies the district court's obligation).

Thus, we affirm Roberson's sentence and deny his motion to remand.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*